# Dwelling House Insurance Company, of Boston, v. H. E. Dowdall.

1. INSURANCE—*Delay in Furnishing Proofs.*—Where an insurance company induces the insured by the acts and conduct of its acknowledged agents to delay in furnishing proof of loss until the period fixed by the policy has expired, it will be estopped from availing itself of such objection.

2.  SAME—*Waiver of Conditions—Estoppel.*—A stipulation in a policy of insurance, that no agent or other representative shall have power to waive any provisions or conditions of the policy, has no application where the law declares a waiver by estoppel, because of the acts of the company through its agents or representatives.  Such estoppels do not rest upon the powers or lack of power of the agent to change the provisions of the policy or waive any of its agreements, but arise in law because of the acts of the company through its agents, acting in the scope of their apparent power as its representatives.

3.  SAME—*Statement Regarding Title of Property Insured.*—Where an applicant for insurance disclosed truthfully to the agent of an insurance company, the facts relating to his right, title and interest in and to the property, but the written statement as to his title in the application was the conclusions drawn by the agent from the facts so disclosed, the company will be precluded from denying its liability upon the ground that the title is not truthfully stated in the application.

4.  VERDICTS—*Erroneous Instructions.*—A verdict supported by uncontroverted testimony ought not to be reversed because the jury have been misdirected as to the law.

**Memorandum.**—Assumpsit.  In the Circuit Court of Greene County; the Hon. GEORGE W. HERDMAN, Judge, presiding.  Declaration on an insurance policy; plea of general issue with stipulation that all proper matters of defense should be admissible under it; trial by jury; verdict and judgment for plaintiff; appeal by defendant.  Heard in this court at the May term, 1894, and affirmed.  Opinion filed October 29, 1894.

APPELLANT'S BRIEF, HARBERT & DALEY and HENRY T. RAINEY, ATTORNEYS.

Where a policy of insurance contains a condition that no officer, agent or other representative of the company shall have the power to waive any provisions or conditions of the policy, such conditions can only be waived in the manner prescribed therein.   Cedar Rapids Ins. Co. v. Shimp, 16 Brad. 248; Quinlan v. Prov. Washington Ins. Co. (N. Y.), 31 N. E. Rep. 31; Continental Ins. Co. v. Ruckman, 127 Ill. 365; Hankins v. Rockford Ins. Co., 70 Wis. 1 ; Cleaver v. Traders Ins. Co., 65 Mich. 527; 32 N. W. Rep. 660; Mitchell v. Lycoming Ins. Co., 51 Pa. St. 402; Winnesheik Ins. Co. v. Halzgrafe, 53 Ill. 516 ; Merserau v. Phe. Mut. Lf. Ins. Co., 66 N. Y. 274.

APPELLEE'S BRIEF, MARK MEYERSTEIN, ATTORNEY.

Conditions in a policy of insurance intended to work a

forfeiture and by which it is sought to escape liability, are construed strictly against the insurer. A substantial compliance on the part of the assured is sufficient. Aurora Fire Ins. Co. v. Eddy, 49 Ill. 106; Hartford Ins. Co. v. Walsh, 54 Ill. 164; Andes Ins. Co. v. Shipman, 77 Ill. 189.

If the assured would suffer any disadvantage by the destruction of the premises, or any reasonable expectation of profit be thereby defeated, the assured may protect or indemnify himself by insurance, and this, whether he has or has not any title in or lien upon or possession of the property itself. If the party insured has any interest that would be injured in the event the peril insured against should happen, the courts will maintain his policy. Agricultural Ins. Co. v. Clancy, 9 Brad. 140; Shaw v. Ætna Ins. Co., 49 Mo. 578; Flanders on Fire Insurance (2d Ed.) 377, 378, Secs. 1, 2 and 3.

An insurable interest is such a title as, if there should be loss, it would fall upon and have to be borne by the assured. Rockford Ins. Co. v. Nelson, 65 Ill. 420.

The assured is entitled to recover, where he has an insurable interest at the time the policy is obtained, and also at the time of the loss, whether that interest is a title in fee for life, or only merely equitable, the whole amount of damage done to the property, not exceeding the amount for which it is insured. Andes Ins. Co. v. Fish, 71 Ill. 625.

Where the soliciting agent makes out the application for insurance, with knowledge of the facts, the company will be bound. Rockford Ins. Co. v. Nelson, 65 Ill. 415; Andes Ins. Co. v. Fish, 71 Ill. 623; Lycoming Ins. Co. v. Jackson, 83 Ill. 302.

Where the assured makes a full disclosure of the title of the property to the soliciting agent of the insurance company, the company will be estopped from denying its liability. The Germania Fire Ins. Co. v. Mary G. McKee, 94 Ill. 494.

MR. JUSTICE BOGGS DELIVERED THE OPINION OF THE COURT.

This case was before us at a former term. We then reversed a judgment against the insurance company, for rea_

sons given in the opinion found in 49 App., page 33, and remanded the case. This is an appeal from a second judgment against the appellant company. Reversal is asked upon three grounds: 1. That proofs of loss were not forwarded to the company within the time stipulated in the policy. 2. That the court erred in giving instructions five and six, in behalf of the appellee. 3. That appellee did not have such title to the property as the policy required. The policy provided that the insured should give immediate notice in writing of a loss by fire, and within thirty days after such loss, should render a statement to the company, signed and sworn to by the insured, stating the knowledge of the insured as to the time, origin and circumstances of the fire; the interest of the insured in the property destroyed or damaged by fire; the cash value thereof; the amount of loss thereon ; all incumbrance, if any; other in_surance, if any; changes in title, etc., if any; how occupied, etc.; to which should be annexed a certificate of the nearest magistrate, to the loss, and his opinion whether the insured had sustained his loss honestly, etc. The property insured —a barn—was burned October 8, 1890. The appellee notified the appellant company in writing on the next day after the fire, and asked that an adjuster be sent to adjust the loss. The company, by letter dated October 24th, acknowledged receipt of such notice, and advised the appellee that its special agent would visit the scene of the fire for the purpose of ascertaining the extent of the damage, " but for no other purpose, neither he nor any local agent having any authority to waive or extend any of the conditions of the policy." The appellee testified that Mr. Ira Smith, an agent of the company, came to see her within thirty days after the fire, represented that he was the adjuster of the company, and had come to settle the loss; that he looked at the ruins, called on her and her son to give him proof of the loss, asked them many questions about the barn and its contents, and the fire, put their answers to such down in writing, and called on Mr. Furgerson, a liveryman, to know if the answers were correct as to prices of hay, corn and oats

that was burned, and after completing the writing and consulting with Mr. Furgerson, offered to pay her $400 in full of her loss, which she declined to accept, and the agent went away. This testimony was not controverted. Nothing further occurred until December 20th, when appellee's counsel addressed a letter to the company regarding her claim. The company, under date of December 22d, replied, denying liability upon several grounds, among others, that proofs of loss, required by the policy, had not been furnished. Proofs of loss in due form were then prepared and transmitted to the company, accompanied by a letter insisting that the company had received sufficient proofs of the loss, etc. This, however, was more than thirty days after the fire. The agent of the company who visited the appellee, assumed to have power to adjust and pay the loss. He obtained and reduced to writing, the information required in formal proofs of loss, and his conduct was such as to warrant the assured in believing that liability to pay was conceded, and that the only unsettled question was the amount to be paid. The assured was advised by letter from the company that this agent would visit her for the purpose of ascertaining the extent of the damage. He discharged that duty by making a full investigation of the loss, in which the assured, at his request, joined. The natural tendency of what he did and said while so acting in the scope of his authority as agent, was to leave upon the mind of the assured the reasonable conclusion that the only question unsettled was the amount of her loss, and hence, to induce her to believe and understand that it was not required that she furnish to the company proof of loss prepared in technical compliance with the policy, which, if prepared, would contain practically the same information already given to him as an agent of the company. The conduct and acts of the representative of the company was such as to justly inspire this belief, and to explain, and in our judgment, fully excuse the failure to present more formal proofs of loss within the stipulated period of thirty days. When advised that the company insisted upon proofs in strict

compliance with the policy, the assured immediately complied with the demand. The only objection to proofs then forwarded is that it was not furnished within the time prescribed. We hold the company estopped from availing itself of this objection, because the acts and conduct of the agent induced the delay. The principles supporting this ruling are announced in Bigelow on Estoppel, pages 660–61–62–63–64–67; Amer. and Eng. Ency. of Law, pages 1054–55–56. The stipulation in the policy that no agent or other representative of the company shall have power to waive any provisions or condition of the policy may be effective as against an alleged waiver by agreement or contract with an agent or representative, but has no application when the law declares a waiver by estoppel, because of the acts of the company through its agent or representative. Such estoppels do not rest upon the power or lack of power of the agent to change the provisions of the policy or waive any of its agreements, but arise in law, because of the acts of the company through its agent, acting in the scope of his apparent power as its representative. The second of appellant's grounds for reversal, questions the correctness of instruction numbers 5 and 6, given in behalf of appellee. Each of these instructions relate to the necessity of strict compliance by the assured with the provisions of the policy concerning the delivery to the company of proofs of loss. If we are right in the view heretofore expressed, that a waiver or estoppel in this respect was established by undisputed testimony, it would follow that the verdict was right, so far as that point was concerned, and that being true, it is not important to inquire whether the instructions are strictly accurate. The verdict being supported by uncontroverted testimony, ought not be reversed, even though the jury were misdirected as to the law. We do not, however, regard the instructions fatally defective. The remaining ground of objection to the judgment, is, that the appellee did not have such title to the property as was represented in the written application, and required by the provisions of the policy. It appeared from the testimony

of the appellee, which is undisputed, and moreover fully corroborated by that of Mr. J. A. Pike, who was present at the time that the application was drawn by the soliciting agent of the company, that she disclosed truthfully to such agent all the facts relating to her right, title and interest to the property, and that the written statements as to her title in the application were the conclusions drawn by the agent, from the facts so made known to him. The company must, therefore, be deemed precluded from denying liability upon the ground that the title is not as stated in the application. Germania Ins. Co. v. McKee, 94 Ill. 494; Phœnix Ins. Co. v. Hart, 149 Ill. 513; Germania Fire Ins. Co. v. Heck, 125 Ill. 361. We think the record is free from error of reversible character. The judgment must be, and is, affirmed.