Argued October 14, decided October 21, 1913.

## KIMBALL *v*. LOWER COLUMBIA FIRE ASSN.

(135 Pac. 877.)

**Appeal and Error—Presumptions in Support of Judgment.**

1. Where, in a suit to enforce an insurance contract, it appeared that the contract and the insurer's by-laws were made exhibits to the complaint and a part thereof, but they were omitted from the abstract and transcript, it would be presumed on defendant's appeal that they supported the allegations of the complaint.

**Associations—Actions—Parties.**

2. In the absence of an enabling statute, a voluntary association has no legal existence and cannot be sued by its association

name, and suits must be brought against the persons composing it individually.

[As to suits by or against unincorporated associations, see note in 59 Am. Dec. 711. As to the jurisdiction of equity over unincorporated associations, see note in 68 Am. St. Rep. 866.]

**Insurance—Actions on Policies—Form of Remedy.**

3. Under a policy issued by a voluntary insurance association which provided that, in case of loss, it would, through the agency of its board of directors, levy an assessment for the purpose of paying such loss, a suit in equity could be maintained to compel the officers of the association to levy such assessment for the purpose of paying a loss duly proved and adjusted.

**Insurance—Actions Against—Parties.**

4. In a suit against the officers of a voluntary insurance association to compel them to levy an assessment for the purpose of paying a loss, as provided by the insurance contract, the members of the association were not necessary parties, it not appearing that they refused or objected to the paying of the claim.

**Insurance—Actions—Extent of Relief.**

5. In a suit against the officers of a voluntary insurance association to compel them to levy an assessment for the purpose of paying a loss, as provided by the contract, in which the association by name was made a defendant, a judgment against it for the amount due could not be rendered, the association not being properly in court.

From Marion: WILLIAM GALLOWAY, Judge.

Department 2.    Statement by MR. CHIEF JUSTICE McBRIDE.

This is a suit by E. M. Kimball against the Lower Columbia Fire Relief Association of Oregon, C. F. Tigard, A. F. Miller, Jacob Vorhees, I. M. Simpson, J. L. Kruse and Charles L. Shaw to compel specific performance of a contract of insurance.

The lower Columbia Fire Relief Association is a voluntary co-operative mutual benefit association, organized for the purpose and engaged in the business of insuring the property of its members against loss or damage by fire, and the other defendants are its officers and directors, having charge of its business and full authority to act for it. On the 15th of September, 1909, the association issued to plaintiff, who

is a member of said association, a contract of insurance, signed by the president and secretary of the association, whereby, in consideration of the sum of $15 and of the promise of plaintiff to pay his ratable proportion of all assessments made for loss or damage by fire or lightning, the association agreed to insure his flouring-mill against loss or damage by fire to the extent of $2,000 for a period of two years, and also agreed that in case of such injury it would, through the agency of the board of directors, levy an assessment as provided by its constitution and by-laws for the purpose of paying such loss. The insured property was totally destroyed by fire on April 21, 1911, causing plaintiff a loss of $5,370, which was duly proved and adjusted as required by the certificate of insurance. Thereupon, as plaintiff had complied with all the conditions of his policy, he demanded that the officers of the association proceed to levy and collect from the members of the association the assessment necessary to pay his loss, as required by the by-laws of the association and by the said contract of insurance, which plaintiff avers they neglect and refuse to do. Plaintiff also alleges that the association has no reserve fund nor any other means of paying said loss except by such assessments, and that he has no plain, speedy and adequate remedy at law. There was a prayer for judgment against the association for $2,000, with interest from June 21, 1911, and that the directors be required to specifically perform their contract by levying an assessment sufficient to pay the said sum and for further equitable relief.

The defendants appear generally and demur to the complaint: (1) Because there is a defect of parties defendant; and (2) because the complaint does not state facts sufficient to constitute a cause of suit. The demurrer was overruled, and, the defendant electing

not to plead further, the plaintiff had a decree as prayed for. Defendant appeals. Other facts appear in the opinion.    MODIFIED: DECREE RENDERED.

For appellants there was a brief and an oral argument by *Mr. George P. Lent.*

For respondent there was a brief and an oral argument by *Mr. William H. Trindle.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. It appears from the transcript that the insurance contract in question and the by-laws were made exhibits to the complaint and a part thereof. They are omitted from the abstract and transcript, and for the purposes of this case we will assume that they support the rather indefinite allegations of the complaint.

2. In the absence of an enabling statute, a voluntary association cannot be sued by its association name. It has no legal existence, and the persons composing it must be joined individually: *St. Paul Typothetae* v. *St. Paul Bookbinders' Union,* 94 Minn. 351 (102 N. W. 725, 3 Ann. Cas. 695); *Davison* v. *Holden,* 55 Conn. 103 (10 Atl. 515, 3 Am. St. Rep. 40); *Robinson* v. *Robinson,* 10 Me. 240.

3, 4. This is not a suit or action to recover money but to compel the officers of the association to do an act which their contract required them to do, namely, to levy an assessment for the purpose of collecting money to pay this loss and to apply the money thus collected to that purpose. There is nothing to indicate that the members of the association refuse to or object to paying this claim. If, as alleged in the complaint and admitted by the demurrer, it is a legitimate loss, it is inconceivable that any honest member would object to paying the assessment. As appears from the com-

plaint, there is no obstacle to such payment beyond the mere arbitrary refusal of the officers to make the levy. Under such circumstances it would seem that equity is an appropriate remedy to compel the officers to perform their duty. If, as contended by counsel, every one of the 1,200 members must be made parties before a person who has complied with the terms of his policy and paid his premiums can collect for an honest loss, then the whole scheme would be a delusion, but happily such is not the case. There is too much of this attempting to evade the payment of insurance upon mere technical grounds, and such evasions should receive small consideration from the courts.

5. The court exceeded its authority in rendering a money decree against the association itself. It should have found that there was due upon the policy the sum of $2,000 and directed the defendant officials to proceed immediately to levy an assessment as provided by the contract and by-laws of the association and to collect the same, and that the moneys so collected be applied to that purpose.

A decree will be entered in accordance with this opinion, and the plaintiff will recover his costs in this court as well as in the court below. As the association is not in court, no decree will be entered as to it.

MODIFIED: DECREE RENDERED.

MR. JUSTICE BEAN, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.