**FARMERS INS. EXCHANGE v. HOLM.**

No. 12785.

United States Court of Appeals
Ninth Circuit.

Aug. 6, 1951.

Rehearing Denied Sept. 24, 1951.

Koerner, Young, McColloch & Dezendorf, Clarence J. Young, John Gordon Gearin, William D. Campbell, all of Portland, Or., for appellant.

Wm. J. Prendergast, Jr., Leo Levenson and Nathan Weinstein, all of Portland, Or., for appellee.

Before MATHEWS, STEPHENS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

This action is on an automobile public liability policy issued by appellant, the appeal being from a judgment in favor of appellee for the amount of the insurance. Appellee is a judgment creditor of Elmer Sondenaa, alleged to be insured under the policy. Her judgment against Sondenaa arose out of a personal injury suffered in a collision with Sondenaa while the latter was driving the car in question. The recovery as against the insurance company was predicated on the ruling of the trial court that the company is estopped to deny Sondenaa's status as an insured; and this

ruling forms the crux of the controversy here.

The policy was issued in 1938 to one von Borstel, Sondenaa's father-in-law. The premiums on it appear to have been paid semi-annually and had been paid up to and including November 18, 1948. On July 25, 1948, von Borstel transferred title to the automobile to his daughter, the wife of Sondenaa. Prior to making the transfer he inquired of Lawrence, district agent for appellant at The Dalles, Oregon, as to the procedure necessary to transfer the insurance protection to his daughter. According to the testimony of von Borstel, which the jury found to be true, Lawrence advised that the daughter should "sign the policy" either with Lawrence or with an agent of the company near her home, but that in any event "being a transaction within the family, as long as the premiums were paid on this policy, that the policy would cover." Lawrence, one of whose duties for appellant was admittedly to service policyholders, testified that the transfer to the daughter was discussed with him but he denied having made the statement quoted. He said he told von Borstel that if title were transfered to the daughter the latter would become a new applicant and would have to sign an application.

Von Borstel passed along the information he said was given him to the Sondenaas, who, after delivery of the automobile and the policy, made some attempt to locate an agency of appellant in the neighborhood of their home at Toledo, Oregon, but did not find one. On October 3, 1948, while the Sondenaas were returning from the residence of von Borstel at Kent, Oregon, the injury giving rise to the present controversy occurred.

Sondenaa at once notified appellant of the accident, giving the policy number. The notice was received at appellant's office about October 8, 1948, but the company appears to have done nothing beyond making some cursory search of its records. Early in November it billed von Borstel for the premium to cover the six months' period following November 18, 1948. The premium was paid at that time and has since been retained by the company. About November 10, 1948, appellant undertook an investigation of the accident and the attendant circumstances during which statements were obtained from the Sondenaas and from von Borstel. On November 17, 1948, a certificate was filed by appellant pursuant to the statutes of Oregon stating that appellant carried insurance covering the accident. About a month later appellee began her suit against Sondenaa in the state court. Appellant declined to assume responsibility in the matter because of von Borstel's transfer of title without written consent of the insurer.

The trial of the present suit was had before a jury. At the close of the evidence for the parties each moved for a directed verdict in his favor. In this posture of the case the court submitted but one issue to the jury, namely, to decide the dispute as to what was said between von Borstel and the agent Lawrence in relation to the transfer of title to the daughter, advising them that if von Borstel's version of the conversation was correct their verdict should be for the plaintiff, and if not so satisfied it must be for the defendant.[1] A verdict for the plaintiff was returned.

Appellant contends that in submitting the issue to the jury the court should have advised them not only of von Borstel's but of

---

1. The instruction, so far as material, was as follows: "It will be your function to decide the dispute as to what was said at The Dalles between Lawrence and von Borstel. There is a dispute between them that you will have to decide. * * This plaintiff, like every plaintiff, has the burden of proof, and must satisfy you by a preponderance of the evidence, that von Borstel's version of what happened there is the correct one—must prove that to your satisfaction by a preponder-

ance of the evidence, and greater weight of the evidence. If you are so satisfied, your verdict must be for the plaintiff. If you are not so satisfied, your verdict will be for the defendant. Von Borstel says that he went to Lawrence, the District Agent for these companies at The Dalles, and told him he was giving a Plymouth car to a married daughter who lived in Toledo, and he wanted to know what was necessary to make sure that the insurance on it was good after he gave

Lawrence's version of the conversation, and that it was reversible error not to do that. However, the jury had heard Lawrence's testimony as well as that of von Borstel. The trial was brief; the taking of evidence appears to have consumed but little more than half a day. Doubtless counsel for appellant stressed Lawrence's version in the course of the oral argument and was careful to refresh the memory of the jurors. As a practical matter we think the error, if any, was not of such prejudicial nature as would warrant a reversal.

The primary question in the case, and the only substantial one as we view it, is whether the court was in error in holding that the statement of the agent Lawrence, found to have been made to von Borstel, estops the insurance company from reliance on the policy provision relative to the effect of von Borstel's transfer of title without written consent of the company. In considering this phase it is well to bear in mind that had the title not been transferred the Sondenaas would admittedly have been within the protection of the policy. There is no showing that the transfer operated to increase in any way the hazard of the insurer. In addition, it is of consequence that after having been fairly put on inquiry concerning the accident involving the Sondenaas the company demanded and received, and has since retained, an additional premium on the policy; and that subsequent to its investigation of the affair the company formally assumed responsibility for the accident under the state Financial Responsibility Act, O.C.L.A. § 115–401 et seq. The trial court was of opinion that these latter circumstances constituted a ratification of the representations of the agent Lawrence,

but whether or not that view was a tenable one we think is unimportant.

Appellant argues that Lawrence was without authority to waive any of the provisions of the policy. However, as we understand the matter the decision below rests upon an estoppel rather than upon a waiver. The Oregon authorities most nearly in point recognize a distinction between waiver and estoppel in cases of this type. In Kimball v. Horticultural Fire Relief, 79 Or. 133, 154 P. 578, 581, it was held that a stipulation in a policy that no agent of the company shall have power to waive any provisions or condition of the policy has no application when the law declares a waiver by estoppel because of the acts of the company through its agent or representative. "Such estoppels," said the court, "'do not rest upon the power, or lack of power, of the agent to change the provisions of the policy or waive any of its agreements, but arise in law, because of the acts of the company through its agent, acting in the scope of his apparent power as its representative.'" [2]

In Fagg v. Massachusetts Bonding & Ins. Co., 142 Or. 358, 19 P.2d 413, a case on its facts closely analogous to the present, this doctrine was again emphasized. That case involved an unauthorized transfer of a car by an insured to a third person, and the question of procuring the consent of the insurance company to the transfer was taken up with the agent of the company who advised that it was not necessary to obtain such consent. The question whether the insurer was estopped by the conduct of the agent was held to be for the jury. We are of opinion that the Fagg decision must be accepted as controlling here. Appellant

her the car. That is a rough way of putting it." The court here summarized briefly von Borstel's version of the conversation and his testimony of having communicated it to the Sondenaas. The court then said: "If you believe that story, by a preponderance of the evidence, and if you feel that the daughter and son-in-law acted on it, and, as a result, did not believe under the circumstances it was necessary to make a new application to the company and get the company's ap-

proval of the transfer from von Borstel, your verdict should be for the plaintiff. If you do not believe that by a preponderance of the evidence, and that is if you don't believe von Borstel's version of it, then your verdict will be for the defendant."

2. The language of this passage was adopted by the Oregon court from Dwelling House Ins. Co. v. Dowdall, 55 Ill.App. 622.

contends that the ruling Oregon decision is the later case of Craswell v. Biggs, 160 Or. 547, 86 P.2d 71. Reliance on the Craswell case appears to us wholly misplaced. The obligation there was a secondary one to answer for the undertaking of another, hence was within the Statute of Frauds. The increased risk involved was obvious and most substantial, and no premium was paid or offered for the added hazard. All these matters the court emphasized strongly, and in its disposition of the case treated the suit as an attempt to engraft a second contract upon the first.

Other points are argued but they are not of sufficient substance to justify attention.

Affirmed.