NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 1 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SHERRELL STEINHAUER; JOANNE
STEINHAUER, husband and wife,

Plaintiffs-Appellants,

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

Defendant-Appellee.

No.    20-35837

D.C. No. 3:18-cv-01416-JR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted November 8, 2021**
Portland, Oregon

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,*** District
Judge.

Plaintiffs Sherrell and Joanne Steinhauer appeal district court orders that

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

***     The Honorable Raner C. Collins, United States District Judge for the
District of Arizona, sitting by designation.

granted Defendant Liberty Mutual Insurance Company's motion for summary judgment and denied the Steinhauers' motions for partial summary judgment and their motion to amend complaint. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the facts, we recite only those necessary to decide the appeal.

The Steinhauers have the burden of establishing the contract's existence, *Holdner v. Holdner*, 29 P.3d 1199, 1203 (Or. Ct. App. 2001), and "[t]he interpretation of an insurance policy is a question of law," *Richardson v. Guardian Life Ins. Co. of Am.*, 984 P.2d 917, 921 (Or. Ct. App. 1999). "In order to warrant enforcement, proof of the contract must be clear, unequivocal and by a preponderance of the evidence." *Holdner*, 29 P.3d at 1203 (citation and internal quotation marks omitted). The first step in contract interpretation is to "look[ ] at the four corners of a written contract[ ] and consider[ ] the contract as a whole with emphasis on the provision or provisions in question." *Eagle Indus., Inc. v. Thompson*, 900 P.2d 475, 478-79 (Or. 1995) (en banc). "If the provision is clear, the analysis ends." *Yogman v. Parrott*, 937 P.2d 1019, 1021 (Or. 1997) (en banc).

The Steinhauers' insurance policy identified Liberty Insurance Corporation as the issuer of the policy. The policy explicitly stated, "[w]e will provide the insurance described in this policy in return for the premium and compliance with all applicable provisions of this policy[,]" and the policy defined the term "[w]e"

as referring to the company providing the insurance. The Steinhauers failed to demonstrate that Liberty Mutual was the issuer of their policy. Thus, the district court correctly ruled that the Steinhauers sued the wrong party.

Additionally, the district court did not abuse its discretion in denying permission for a very untimely proposed amendment because the Steinhauers filed their motion to amend over a year after the court's deadline to join parties, and they failed to demonstrate the good cause required to justify their amendment. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) ("Once the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[.]"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). The Steinhauers knew early in the case that they had sued the wrong party, both from opposing counsel and from the court, yet they failed to substitute or add the correct defendant in a timely manner.

The district court also applied the correct law to the Steinhauers' claims of waiver and estoppel, and it did not err in ruling that these doctrines did not suffice to make Liberty Mutual the correct defendant. *See Moore v. Mut. of Enumclaw Ins. Co.*, 855 P.2d 626, 631 (Or. 1993) (en banc) ("[I]n cases involving fire insurance policies, the requirement of a written waiver imposed by ORS 742.222 supersedes

the common law rule recognizing oral waiver and waiver by conduct."); *Kimball v. Horticultural Fire Relief of Oregon*, 154 P. 578, 581 (Or. 1916) ("An estoppel always implies a party has been misled to his prejudice, or into an altered position which he would not have taken except for representations relied upon[.]"). Accordingly, we need not reach any of the other issues.

**AFFIRMED.**

4