Argued at Pendleton October 29, affirmed November 20, 1928, rehearing denied January 8, 1929.

## F. C. BROSIUS v. J. N. HAZELWOOD.

(271 Pac. 992.)

For appellant there was a brief and oral argument by *Mr. L. Denham.*

For respondent there was a brief and oral argument by *Mr. Jesse Crum.*

BROWN, J.—In the former action the defendant herein, as constable, took into his possession by virtue of a writ of attachment certain personal property belonging to the plaintiff, which property plaintiff alleges was exempt from execution. The complaint avers that, on May 31, 1927, in Union County, Oregon, plaintiff was in possession of certain described personal property as owner, among which was an enameled lavatory valued at $20, which will be referred to hereafter; that, on that date, without plaintiff's consent, the defendant wrongfully came into the possession of the above-described property, which plaintiff valued at $318, and still retained the possession thereof, and that by reason thereof plaintiff was damaged in the sum of $50.

The defendant, answering, denied each and every allegation of the complaint, and for a further and

separate answer and defense alleged at considerable length facts that tend to show that, in an action prosecuted by one H. H. Hug and J. C. Hug, as plaintiffs, against this plaintiff and his wife as defendants, to recover certain rental due upon office and apartment rooms in Elgin, Union County, Oregon, in the amount of $246, an attachment was issued out of the Justice Court which was regularly served by this defendant, and that the trial of that case resulted in a judgment for the plaintiffs therein. Then followed the action prosecuted in the case at bar.

The plaintiff herein raises many objections to the defendant's answer. To illustrate: The defendant, in answering, averred the filing of the complaint and the issuance of the summons in the former case, but did not aver that the summons had been served upon the defendant therein. From the answer, however, which is indeed voluminous and far from a model pleading, we learn that issue was joined between the parties and a trial had. So it matters not whether the court acquired jurisdiction of the person of the defendant in that case by service of summons, or by voluntary appearance. He had his day in court. After demurring to the answer filed in the instant case, the plaintiff did not stand upon his demurrer, but replied to the merits.

█ When tested by demurrer, the allegations of a pleading are to be construed most strongly against the pleader. But this condition is waived by pleading over, and the question becomes one against all reasonable intendments: See *Olds* v. *Cary*, 13 Or. 362 (10 Pac. 786); *Savage* v. *Savage*, 36 Or. 268 (59 Pac. 461); *Oregon & Calif. R. R. Co.* v. *Jackson County*, 38 Or. 589, 597 (64 Pac. 307); *Byers* v. *Ferguson*, 41 Or. 77 (65 Pac. 1067, 68 Pac. 5); *Whitney* v. *Whitney*, 114

Or. 102 (235 Pac. 293). We believe that a reasonable construction of the answer in this case fully informed the plaintiff concerning the nature of his antagonist's defense. It is apparent from the answer that, armed with a lawful attachment, the defendant lawfully took and lawfully detained plaintiff's property.

▮ ▮ The plaintiff asserts that the Justice Court had no jurisdiction in the former cause, because the question of title to real property was involved. Our statute provides:

"If it appear on the trial of any cause before a justice of the peace from the evidence of either party, or from the pleadings, that the title to real property is in question, which title shall be disputed by the other party, the justice shall immediately make an entry thereof in his docket and cease all further proceedings in this cause, and shall certify and return to the circuit court of the county a transcript * * ." Or. L., § 2435.

In this connection, plaintiff especially directs our attention to page 49 of the transcript of testimony. The record shows that when the office and apartment building in question was constructed, an enameled lavatory was placed therein by the owners, and the testimony intimates that the plaintiff, a physician, replaced this lavatory by the installation of another, which was attached to the building and was in the nature of real property. The plaintiff asserts, in effect, that the defendant unlawfully detains this lavatory as personal property of the plaintiff. If that lavatory was real property, the constable had no right to attach the same, for the reason that the action for claim and delivery lies for the recovery of personal property only. If it was the personal prop-

erty of plaintiff, the constable had a right to levy upon the same by virtue of a writ of attachment. From plaintiff's statements with respect thereto, however, we conclude that the lavatory had been severed from the realty and was personal property: *State* v. *Donahue*, 75 Or. 409 (144 Pac. 755, 147 Pac. 548, 5 A. L. R. 1121).

The merits of this case depend upon the facts, and the trial jury were the exclusive judges of the testimony and the value thereof.

Finding no valid reason for reversing this cause, we direct its affirmance.

AFFIRMED. REHEARING DENIED.

RAND, C. J., and BEAN and BELT, JJ., concur.