Argued May 7, affirmed June 17, 1970

# TERRY, *Appellant, v.* CITY OF PORTLAND ET AL, *Respondents.*

470 P2d 951

*Howard R. Lonergan,* Portland, argued the cause and filed a brief for appellant.

*Leo V. Nuttman,* Portland, argued the cause for respondents. With him on the brief were Marian C. Rushing and Ellis E. Gerdes, Portland.

Before McALLISTER, Presiding Justice, and SLOAN, O'CONNELL, DENECKE, HOLMAN, TONGUE, and HOWELL, Justices.

HOLMAN, J.

This is an appeal from a judgment dismissing plaintiff's complaint for declaratory relief after a demurrer was sustained to it. The sole question to be decided is whether the complaint states a justiciable controversy.

The allegations of the complaint which are relevant to this appeal are as follows:

"* * * * *.

"III.

"On May 28, 1969, defendant members of the Council voted unanimously to increase parking meter fees for parking motor vehicles upon the streets in the City of Portland.

"IV.

"The sole purpose thereof was and is to raise revenue for the City of Portland.

"* * * * *."

The demurrer was sustained June 26 and a judgment of dismissal was signed July 8 and entered July 9. The judgment of dismissal recited that the demurrer had been sustained without leave to plead over. The order sustaining the demurrer said nothing about whether plaintiff was to be allowed to plead over or not. There is no showing or contention by plaintiff that he desired or made any request to plead over during the time that elapsed between the overruling of the demurrer and the dismissal of the case.

The city of Portland by charter is authorized to regulate and control the use of the city streets and the traffic thereon. In conformance with this authority, the city may impose a parking fee for regulatory purposes but the fee should not materially exceed the cost

of regulation. *Hickey v. Riley*, 177 Or 321, 162 P2d 371 (1945); 9 McQuillin, *Municipal Corporations* §§ 26.167 and 26.168, 441-46 (3d ed rev 1964).

The present controversy revolves around the meaning of the word "revenue." If it means money for the general use of the city in excess of that which is reasonably necessary for the regulation of traffic, the complaint states a justiciable controversy. On the other hand, if it contemplates only funds which are reasonably necessary for regulation, it does not. Regardless of how the money is used, we believe that the additional funds which resulted from the increase in parking meter fees would be classed as revenue.

The rules of pleading applicable to the testing of a complaint under the present circumstances have been laid down in *Windle, Adm'x et al v. Flinn et al*, 196 Or 654, 251 P2d 136 (1952), as follows:

> "The rules which govern our inquiry have been well and long established. A complaint when challenged by demurrer is to be construed most strongly against the pleader. *Musgrave et ux. v. Lucas et ux.*, 193 Or 401, 408, 238 P2d 780; *Aune v. Oregon Trunk Railway*, 151 Or 622, 626, 51 P2d 663; *Brosius v. Hazelwood*, 127 Or 635, 637, 271 P 992. The pleader is presumed to have stated his case as strongly as the facts justify. See *Morton v. Wessinger*, 58 Or 80, 83, 113 P 7, and cases there cited. Facts not alleged will be presumed not to exist. *Libby v. Olcott*, 66 Or 124, 128, 134 P 13. These rules attain an additional persuasive force when the plaintiffs, as here, did not ask for authority to further amend their complaint. *Ritchie v. Thomas et al.*, 190 Or 95, 116, 224 P2d 543; *Medford v. Pac. Nat'l Fire Ins., Co.*, 189 Or 617, 628, 219 P2d 142, 222 P2d 407, 16 ALR2d 1181; *Walin et al v. Young*, 181 Or 185, 192, 180 P2d 535; *Christopher v. McGuire*, 179 Or 116, 119, 169 P2d 879." 196 Or 654 at 662-63.

In the absence of any showing or contention by plaintiff that he requested or desired to plead further, we are justified, in conformance with the above-stated rules, in presuming that plaintiff stated his case as strongly as the facts would support and that it was not possible for him to truthfully allege that the revenue sought to be raised by the ordinance was in excess of that necessary for regulation of traffic. All equivocal allegations are construed against him.

The judgment of the trial court is affirmed.

O'CONNELL, C. J., dissenting.

A "revenue" ordinance is frequently contrasted with a "regulatory" ordinance, the former describing legislation the primary purpose of which is to raise money for general governmental purposes and the latter denoting legislation which calls for the imposition of a license fee limited to the cost of regulation provided for in the ordinance.[1]

The complaint in the present case obviously used the term "revenue" in this sense. If defendant had any question as to the specific meaning of the term, it could have moved to make the complaint more definite and certain.

The majority opinion employs a highly technical rule which, in my judgment, serves no good purpose in the present case.

---

[1] Cases illustrating this distinction in terminology can be found in Words and Phrases under "Revenue" etc.