Argued July 7, reversed and remanded November 5, 1971

LYDEN, *Appellant, v.* GOLDBERG, *Respondent.*

490 P2d 181

*Graham Walker,* Portland, argued the cause for appellant. On the briefs were Lou L. Williams, Portland, and Myatt, Bolliger, Hampton & Freerksen, Beaverton.

*Leo Levenson,* Portland, argued the cause for respondent. With him on the brief were Mize, Kriesien, Fewless, Cheney & Kelley, Portland.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

BRYSON, J.

On July 29, 1970, plaintiff filed an action against defendant for personal injuries arising out of an automobile accident which occurred on December 15, 1967. The first amended complaint alleged that the defendant was insured pursuant to a policy of insurance in effect at the time of the accident; that the defendant conferred upon the insurance company and its employees the right to make investigation and settle any claim; that

> "Subsequent to the above mentioned automobile accident and prior to December 15, 1969 insurance company's employees pursuant to authority conferred by the aforementioned contract and acting within the scope of their employment paid plaintiff for the repair of his vehicle, paid his bill for x-ray and diagnostic procedures, paid plaintiff's treating physician for services rendered to the time of payment, and orally assured plaintiff that his injury claim would be settled by the insurance company when plaintiff's medical condition was such that he was ready to settle. Defendant's agent, the insurance company, knew that there was a two year

statute of limitations on plaintiff's personal injury action while plaintiff did not. Insurance company's conduct and statements were intended to and did deter plaintiff from employing an attorney to represent his interest during the two year period following the aforementioned accident. Defendant's agent, the insurance company, though it knew of the Statute of Limitations and its own aforementioned conduct and assurances did not inform defendant of the Statute of Limitations until February of 1970. At that time plaintiff telephoned defendant's agent, the insurance company, and was told by an employee that plaintiff's claim would no longer be considered because it was barred by the Statute of Limitations. Plaintiff promptly thereafter engaged counsel for the purpose of representing him in this matter. Defendant is estopped by the authorized conduct and declarations of her agent, the insurance company, which has agreed to defend this action and pay all sums to which the defendant shall become legally obligated to pay, from pleading the Statute of Limitations."

The defendant filed a demurrer to the first amended complaint on the ground that the action had not been commenced within the time limited by statute. ORS 12.110 (1), ORS 16.260 (7). The court sustained the demurrer and entered judgment for the defendant. Plaintiff appeals and assigns as error the court's ruling "that the facts pleaded did not create an estoppel." Defendant contends "a complaint is insufficient to constitute an avoidance or bar to defense of the statute of limitations, without allegations of facts containing all essential elements of estoppel."

Defendant argues:

"[A] plea of estoppel must allege all essential facts and must include all the following elements of estoppel.

'To constitute an equitable estoppel, or es-

toppel by conduct, there must (1) be a false representation; (2), it must be made with knowledge of the facts; (3) the other party must have been ignorant of the truth; (4) it must have been made with the intention that it should be acted upon by the other party; and (5) the other party must have been induced to act upon it. * * *' Earls et ux v. Clarke et al, 1960, 223 Or 527, 530-31, 355 P2d 213, 214; Donahue v. Eugene Planing Mill, 252 Or 543, 545, 450 P2d 762 (1969); Reed v. Commercial Ins. Co., 248 Or 152, 154, 432 P2d 691 (1967) 54 C.J.S. § 343, b, page 465; 51 Am Jur 2d, § 476, page 932."

The above proposition of law has also been approved in *Bennett v. City of Salem et al,* 192 Or 531, 541, 235 P2d 772 (1951); *Bramwell v. Rowland,* 123 Or 33, 47, 261 P 57 (1927).

In this case plaintiff alleges the insurance company's employee paid for the repair of his vehicle, for x-ray and diagnostic procedures, and the charges of plaintiff's treating physician, and assured plaintiff his injury claim would be settled by the insurance company when plaintiff's medical condition was such that he was ready to settle. This was all prior to the running of the statute of limitations on December 15, 1969.

■ To invoke the doctrine of estoppel, the defendant or her agent, the insurance company, must have done something that amounted to an affirmative inducement that would cause plaintiff to delay bringing his action.

This court, in *Kimball v. Horticultural Fire Relief,* 79 Or 133, 142, 154 P 578 (1916), stated:

"An estoppel always implies a party has been misled to his prejudice, or into an altered position

which he would not have taken except for representations relied upon; and, * * * the estoppel may arise without an intent to guide astray, upon principle, testimony tending to prove such a deception must be admissible, * * *."

The rule pertaining to estoppel to be applied under the pleadings of this case are fully discussed in *Safeway Stores, Inc. v. Wilson,* 190 Kan 7, 372 P2d 551, 555 (1962), wherein they quote from an earlier case of *Rex v. Warner,* 183 Kan 763, 332 P2d 572, 579 (1959), as follows:

"'* * * It is a legal maxim well understood that nothing can interrupt the running of the statute of limitations, and it is commonly stated without any qualification. Courts, however, have ingrafted upon such statutes an exception based upon estoppel. Generally speaking, actual fraud in the technical sense, bad faith, or an attempt to mislead or deceive is not essential to create such an estoppel; to invoke the doctrine, the debtor or defendant must have done something that amounted to an affirmative inducement to plaintiff to delay bringing the action. [Citations omitted.]'

"'* * * * *.

"The rule announced in the foregoing decisions appears to be in harmony with the weight of authority."

■ Defendant relies upon *Krupa v. Kelley,* 5 Conn Cir 127, 245 A2d 886 (1968), for the proposition that defendants in that case were not estopped to rely on the statute. In *Krupa,* plaintiffs were delayed in commencing suit, not by misrepresentations of the defendants, but only by negotiations between the agent of defendants' insurance company and plaintiffs. The insurance company made an offer which was refused by plaintiffs. The last visit of the insurance adjuster with plaintiffs was about four months before the

statute of limitations ran against plaintiffs' action. In the case at bar, plaintiff pleads more than mere pendency of negotiations. It is pleaded there were actual payments made by the insurance company and oral promises to make further payment or to settle. Generally speaking, an insurer may, by its acts and conduct, be estopped from asserting the statute of limitations as a defense. Most cases seem to turn on the question of fact in each particular case. *See* Annotation 39 ALR3d 127.

■ The posture of the case now before us does not require a weighing of the evidence on the issue of estoppel. The demurrer raised the question of the adequacy of the pleadings. Are there sufficient facts alleged to submit the question of estoppel to the trier of facts? In *Musgrave et ux v. Lucas et ux*, 193 Or 401, 238 P2d 780 (1951), the plaintiff filed an amended complaint and the defendant demurred. The demurrer was sustained. There, as in the case at bar, the plaintiff refused to plead further, and judgment was entered against plaintiff on the pleadings and the plaintiff appealed. The court, at page 408, stated:

> "* * * Where, as here, the complaint is challenged by a demurrer, it is to be construed strongly against the pleader. Aune v. Oregon Trunk Railway, 151 Or 622, 626, 51 P2d 663; Brosius v. Hazelwood, 127 Or 635, 637, 271 P 992.
>
> "However, a demurrer admits as true all facts well pleaded and all the intendments and inferences therefrom that can properly and reasonably be drawn. Mattoon v. Cole, 172 Or 664, 669, 143 P2d 679; Lothstein v. Fitzpatrick, 171 Or 648, 662, 138 P2d 919; Wills v. Nehalem Coal Co., 52 Or 70, 76, 96 P 528."

*See also Terry v. City of Portland*, 256 Or 47, 470 P2d 951 (1970).

It is our opinion that the complaint adequately apprises the defendant of what she must meet, both as to pleadings and the presentation of evidence. There are sufficient allegations in the complaint, as previously set forth, to raise the question as to whether the plaintiff was lulled into a sense of security, therefore preventing him from filing the action before the running of the statute of limitations.

Accordingly, the case is reversed and remanded for further proceedings.