Argued October 26, affirmed December 9, 1971

MORGAN ET AL, *Appellants, v.* MASTERS ET AL,
*Respondents.*

491 P2d 637

*Henry Kane,* Portland, argued the cause for appellants. On the briefs were Tilbury & Kane, Portland.

*Edward J. Sullivan,* County Counsel, Hillsboro, argued the cause for respondents William J. Masters, Lyell B. Gardner, John C. Anicker, D. Eldon Hout and Burton Wilson, Jr., in their capacities as Commissioners of the Board of County Commissioners for Washington County; and County of Washington, State of Oregon. *DeMar L. Batchelor,* Hillsboro, argued the cause for respondents Walter Miller and Alexander

Miller, dba Miller Bros. Sanitary Service. On the brief were Edward J. Sullivan, Hillsboro, and DeMar L. Batchelor and Schwenn, Bradley & Batchelor, Hillsboro.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

LANGTRY, J.

This appeal by the plaintiffs is from a judgment dismissing their second amended complaint in a suit for a declaratory judgment. The dismissal followed an order sustaining demurrers based upon the ground that none of the nine alleged causes stated a cause of suit. We condense the allegations of the lengthy second amended complaint under the numbers of the respective causes alleged, as follows:

(1). The plaintiffs are Directors of the Oak Hills Home Owners Association and residents and taxpayers of Washington County, as well as customers for refuse collection service therein, and that they and the plaintiff Oak Hills Home Owners Association bring this suit on behalf of all resident taxpayers and refuse collection customers in Washington County; that the five individuals first named as defendants are the members of the Board of County Commissioners of Washington County and that the Millers are in the refuse collection business in Washington County; that state laws constitute the only authority which allows the defendant county to license or franchise refuse collectors; that defendant county on July 22, 1969, enacted Ordinance No. 59 for that purpose, and that the state law authorizing the enactment of such an ordinance was not then effective; that the ordinance was

made and presented by certain refuse collectors in order to divide the market among themselves and exclude competition and raise prices; that the ordinance is invalid.

(2). To the allegations of the first alleged cause is added the assertion that the constitution and laws of Oregon do not allow the county to create exclusive refuse collection areas.

(3). To the allegations of the first and second alleged causes are added allegations that the defendant county refused a petition presented by plaintiffs to suspend defendants Miller's refuse hauling rates as they applied to plaintiffs and ordered plaintiffs to pay Millers' increased rates without justification; that plaintiffs have exhausted their administrative remedies and that the county's action was discriminatory, illegally delegates authority to an Advisory Committee, and sets monopolistic rates without benefits, violating due process of law and equal protection provisions of the state and federal constitutions.

(4). To the allegations of the first, second and third causes are added allegations that two county commissioners said for publication that the Ordinance was adopted to keep the Mafia out of the county. It then re-alleges in substance what was said in the third alleged cause.

(5). To everything already alleged is added an allegation that prior to July 1, 1969, plaintiffs were paying defendants Miller $1.25 for the first can, plus $1 for each additional can, per month for weekly refuse collection; that when defendants Miller applied for an exclusive refuse collection certificate under Ordinance No. 59, they wilfully misrepresented the amount of such rates in their application and that when the matter was

called to the attention of the Board of County Commissioners it refused to investigate pursuant to Section 15 of the Ordinance.

(6). None of the previous allegations is incorporated in this cause. In two sentences it alleges that about December 10, 1969, defendants Miller notified plaintiffs that all refuse collectors had raised their rates as of July 1, 1969, and that such rate was identical to defendants Miller's service increase. The second sentence alleges the defendants Miller "engaged in an unlawful combination and conspiracy, in restraint of trade * * * to raise * * * prices * * * and * * * allocate customers and territories in Washington County, and to exclude competing refuse haulers from doing business * * *."

(7). This cause incorporates everything said to this point and alleges that Section 9 of Ordinance No. 59 is vague, discriminatory, unequal in several ways in its application, fails to provide standards, and deprives customers of their right to choose refuse collectors.

(8). This alleged cause incorporates everything said up to this point, and adds that Section 16 of the ordinance, giving the Board of County Commissioners authority to approve collection rates, is unconstitutional because it thus delegates legislative authority to private persons, and is vague, sets no guidelines, and fails to require consideration of rate of return of the capital investment. It generally alleges again, for the fourth time, the charges of unconstitutionality based on due process and equal protection.

(9). This alleged cause incorporates everything said to this point and alleges there was no local condition justifying Ordinance No. 59, and that the suit is

brought on behalf of all "residents, taxpayers and refuse collection customers in Washington County" and seeks $5,000 attorney fees.

The prayer of the complaint asks for a declaration the effect of which would be to nullify Ordinance No. 59; that the Board of County Commissioners be ordered to hold a hearing to determine whether defendants Miller violated Section 15 of Ordinance No. 59; declaring whether defendants Miller and other unnamed co-conspirators violated the common law prohibition against restraint of trade, asks for a decree enjoining interference with contractual arrangements between Oak Hills Home Owners Association and refuse collectors; and allowing the attorney fees requested.

The order sustaining the demurrer recites that the plaintiffs' counsel stated that he would refuse to plead further if the demurrer was sustained. The judgment of dismissal followed the order sustaining the demurrer to all causes of suit.

In a suit where the plaintiffs claimed they were seeking declaratory relief, the Oregon Supreme Court in *Windle, Adm'x et al. v. Flinn et al,* 196 Or 654, 662, 251 P2d 136 (1952), stated:

> "The rules which govern our inquiry have been well and long established. A complaint when challenged by demurrer is to be construed most strongly against the pleader. *Musgrave et ux. v. Lucas et ux.,* 193 Or 401, 408, 238 P2d 780; *Aune v. Oregon Trunk Railway,* 151 Or 622, 626, 51 P2d 663; *Brosius v. Hazelwood,* 127 Or 635, 637, 271 P 992. The pleader is presumed to have stated his case as strongly as the facts justify. See *Morton v. Wessinger,* 58 Or 80, 83, 113 P 7, and cases there cited. Facts not alleged will be presumed not to exist.

*Libby v. Olcott,* 66 Or 124, 128, 134 P 13. These rules attain an additional persuasive force when the plaintiffs, as here, did not ask for authority to further amend their complaint. *Ritchie v. Thomas et al.,* 190 Or 95, 116, 224 P2d 543; *Medford v. Pac. Nat'l Fire Ins. Co.,* 189 Or 617, 628, 219 P2d 142, 222 P2d 407; *Walin et al v. Young,* 181 Or 185, 192, 180 P2d 535; *Christopher v. McGuire,* 179 Or 116, 119, 169 P2d 879."

We have disposed of the same constitutional challenges which plaintiffs allege against Ordinance No. 59 of Washington County in *Schmidt v. Masters,* 7 Or App 421, 490 P2d 1029 (1971), and we refer to that opinion as decisive of most of the questions raised by the plaintiffs in this case.

We observe that a demurrer often is sufficient for determination of issues presented in suits for declaratory judgment. A case similar to the instant case, one in which a declaratory judgment was sought, is *Miles et al. v. Veatch et al.,* 189 Or 506, 220 P2d 511, 221 P2d 905 (1950). The validity of an enactment upon constitutional challenges was involved. Insufficient factual allegations and legal conclusions were incorporated in the complaint. The court held that the amended complaint was vulnerable to a general demurrer.

In the case at bar, some of the propositions in various of the alleged causes of suit which we have reviewed above require examination beyond that which we made in *Schmidt v. Masters,* supra. Thus, with reference to the third alleged cause the plaintiffs say that Ordinance No. 59 sets monopolistic rates without benefits. In other places, notably the seventh alleged cause, plaintiffs claim a "right" to choose who shall collect their refuse. In *Elliott v. City of Eugene*

*et al.,* 135 Or 108, 115, 294 P 358 (1931), the Oregon Supreme Court said:

"Hauling garbage through the public streets * * * cannot be considered as a common right: *Spencer v. City of Medford* [129 Or 333, 276 P 1114] [relied upon in Schmidt v. Masters, supra]. Hence, the monopoly which the plaintiffs challenge was not one against common right. We, therefore, have an exclusive franchise which permitted * * * [franchisees] to charge fees and required them to make a substantial investment for equipment * * *."

In the fifth alleged cause of action, plaintiffs claim that the defendants Miller wilfully misrepresented a fact in their application for a certificate "concerning the previous rate * * * [they] charged * * *." What that misrepresentation was they did not allege; hence, the allegation is a conclusion. They allege that Section 15 of the ordinance provides that the Board "may suspend * * * a certificate upon finding that the [certificate] holder * * * has * * * materially misrepresented statements in the application * * *." They claim they had a right, under these allegations, to have the Board investigate alleged misrepresentations made by defendants Miller. There may have been a basis for an investigation, ordered by the court if the Board refused to make it, if the pleaders had stated the facts wherein a material misrepresentation was made. However, inasmuch as they refused to plead further and pleaded only a conclusion, they did not state a cause of suit.

In the sixth alleged cause, the two bald and disconnected statements obviously failed to state any cause. Even if preliminary jurisdictional facts had been alleged, or incorporated into this cause, a mere allegation that defendants Miller notified the plain-

tiffs that they and other refuse collectors had raised their rates is not a sufficient factual allegation upon which to base charges of conspiracy and price fixing in restraint of trade.

Our analysis of plaintiffs' pleadings, and our holdings in *Schmidt v. Masters,* supra, lead us to conclude that the trial judge was correct in sustaining the demurrer to the second amended complaint and dismissing the suit.

Affirmed.