Argued December 2, 1975, affirmed March 25, 1976

# CHARETTE, *Appellant,*
## *v.*
# EISENBRAUN, *Respondent.*

547 P2d 612

*Graham Walker,* Portland, argued the cause for appellant. With him on the briefs was William E. Blitsch, P.C., Portland.

*James B. O'Hanlon,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, Ridgway K. Foley, Jr., and John E. Hart, Portland.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman and Bryson, Justices.

DENECKE, J.

**DENECKE, J.**

The trial court sustained defendant's demurrer to plaintiff's complaint seeking damages for personal injuries. The court ruled that the statue of limitations had run. Plaintiff appeals contending that defendant voluntarily appeared before the statute ran, that defendant is estopped to raise the statute, and that defendant waived his right to raise the statute of limitations.

As this case comes to us from an order sustaining a demurrer, the facts are as alleged in the complaint.

The defendant collided with plaintiff on July 31, 1972. On May 2, 1974, plaintiff's attorney filed a complaint. The complaint and summons were finally served on August 17, 1974, which is conceded to be too late to be effective.

I

## "Voluntary Appearance"?

The plaintiff, and later his attorney, negotiated with an adjuster for defendant's insurer. During this period plaintiff alleged "further medical examination was agreed to by the attorney, which the parties agreed was the examination that defendant was entitled to after the filing of the action." The examination was made after the action was filed and before the statute had run. Plaintiff contends this was a "voluntary appearance" by which the court acquired personal jurisdiction of the defendant. ORS 15.030 provides: "* * * A voluntary appearance of the defendant shall be equivalent to personal service of the summons upon him."

The examination plaintiff referred to in the above allegation is provided for in ORS 44.610. That statute provides that when an injured party brings an action the defendant can move the court for a medical examination.

Plaintiff's contention is contrary to the rationale of

*Thoenes v. Tatro,* 270 Or 775, 529 P2d 912 (1975). There, the plaintiff claimed that an oral extension of time within which to appear, which the plaintiff accorded defendant, was not a "voluntary appearance." The basis for our decision was "* * * the jurisdiction of the court should not be held to attach for any purpose until the defendant has in some way used the machinery of the court to serve his ends." 270 Or at 783. In the present case the defendant has not "used the machinery of the court." The examination was secured by agreement between the parties just as the extension of time in *Thoenes* was by agreement of the parties.

ORS 44.640 provides that ORS 44.610, and following, relating to examinations by order of the court, apply to examinations made by agreement of the parties. The statute is not material to the issue of whether the examination or the request for an examination is a voluntary appearance.

## II
### Estoppel

The plaintiff further contends that he pleaded facts which would estop the defendant from raising the defense of the statute of limitations. In addition to pleading the negotiations and several medical examinations had at defendant's request, the plaintiff alleged that immediately following the accident the adjuster told plaintiff he "wanted to settle" when the full extent of the injuries was determined. He alleged the adjuster arranged with plaintiff's carrier for the payment of plaintiff's medical expenses and time loss and the adjuster said plaintiff's carrier would be reimbursed.

Plaintiff further alleged that thereafter plaintiff retained an attorney who continued the negotiations. The attorney filed an action and sent the documents for service, along with an address of defendant, to a messenger service regularly used by plaintiff's attor-

ney. The attorney notified the adjuster of the filing and contemplated service and gave him an indefinite extension of time. Negotiations continued and the further medical examination earlier discussed was obtained. The defendant did not reside at the address furnished the process server. After the statute had run the adjuster informed the attorney that no service had been made and gave the attorney a new address where the later service was made.

Plaintiff alleged: "Plaintiff's attorney relied upon the course of conduct of defendant's agents and was lulled into believing that the statute of limitation was being waived." Plaintiff further alleged: "As a result of said reliance, plaintiff's attorney did not routinely verify that service of summons was accomplished within the statutory period."

In *Lyden v. Goldberg,* 260 Or 301, 490 P2d 181 (1971), we held the plaintiff had sufficiently pleaded that the defendant was estopped to assert the statute of limitations. Plaintiff alleged he was injured in an automobile collision, the defendant's insurance company paid for repairs to his car and his medical expense and the company assured plaintiff it would settle his injury claim when his condition was such that he was ready to settle. He further alleged the plaintiff did not know about the two-year limitation statute and that the insurance company's conduct was intended to deter the plaintiff from employing an attorney.

The essence of our decision was:

"* * * In the case at bar, plaintiff pleads more than mere pendency of negotiations. It is pleaded there were actual payments made by the insurance company and oral promises to make further payment or to settle. * * *." 260 Or at 306.

In the other decision relied upon by plaintiff, the defendant also had made an express promise to pay the claim before the statute of limitations had run. *United*

*States v. Fidelity and Casualty Co. of New York,* 402
F2d 893 (4th Cir 1968).

In the instant case it is doubtful whether plaintiff
pleaded a promise by the defendant to settle. Plaintiff
chose to allege that the defendant informed plaintiff
he "wanted to settle." However, assuming that a promise to settle could be proved, such an allegation is
insufficient because plaintiff's attorney did not rely on
such promise.

Despite the conduct of the defendant, plaintiff's
attorney on May 2, 1974, did not believe the defendant
was waiving the statute of limitations. On that date
the attorney filed a complaint and delivered it to a
process server. These allegations establish that the
attorney did not rely on defendant's prior conduct.
Thereafter, the only events which occurred were continued negotiations and the last medical examination.
Even viewed in the light of the conduct prior to the
filing of the action, this subsequent conduct did not
constitute conduct which would estop defendant from
raising the statute.

## III

### Waiver

The plaintiff also contends: "The filing of a general
demurrer that no cause of action was stated waived
any objection based on the statute of limitations."

The plaintiff initially filed a complaint with the
usual allegations found in personal injury complaints.
The defendant demurred on the ground that the statute of limitations had run. The demurrer was sustained. Plaintiff filed an amended complaint alleging
facts which he contended estopped defendant from
raising the statute of limitations. Defendant filed a
demurrer stating:

"COMES NOW defendant and demurs to plaintiff's
Second Amended Complaint on the ground and for the
reason that plaintiff has not alleged facts sufficient to
constitute a cause of action. ORS 16.260.

[ 496 ]

"In support of this demurrer defendant will rely upon (1) this Court's ruling on December 2, 1974, that plaintiff's complaint herein was not filed within the applicable statutory period and (2) the fact that plaintiff's Second Amended Complaint does not, as a matter of law, state sufficient facts to establish waiver or estoppel on the part of defendant or defendant's insurance carrier herein. * * *."

The trial court overruled this demurrer. The order recited that the complaint did state a cause of action. The order granted defendant leave to file a further demurrer on the ground that the statute of limitations had expired. Defendant filed what he captioned, "Amended Demurrer." He demurred upon the ground that the action was barred by the statute of limitations and plaintiff had not alleged facts stating a cause of action because he did not allege facts which would estop the defendant from raising the statute of limitations. The trial court sustained this demurrer upon the ground that the plaintiff failed to commence his action within the time limited by statute. The order also set aside the court's previous order overruling defendant's previous demurrer.

We have held if it appears from the face of the complaint that the action has not been commenced within the statute of limitations, that defense must be raised by demurrer, otherwise the defense is waived. *Eastman, Executrix v. Crary,* 131 Or 694, 699, 284 P 280 (1930). We subsequently held, however, that such a rule was not always applicable. *Dowell v. Mossberg,* 226 Or 173, 189, 355 P2d 624, 359 P2d 541 (1961); *Dixon v. Schoonover,* 226 Or 443, 448, 359 P2d 115, 360 P2d 274 (1961).

Assuming that the rule continues to have vitality, it is not applicable here. In his demurrer to the amended complaint alleging estoppel the defendant did not waive its defense of statute of limitations but pleaded the complaint did not state a cause of action because the statute of limitations had run. The trial court was of the opinion, and properly so, that the fact

that the statute of limitations had run or that the plaintiff had not pleaded facts which would estop defendant from raising the statute did not cause the complaint to be defective for not stating a cause of action for personal injuries. However, the trial court granted the defendant a further opportunity to put his demurrer in proper form, which the defendant did.

By initially erroneously pleading that the running of the statute prevented the plaintiff from stating a cause of action, the defendant did not waive his right to correctly demur on the ground the statute of limitations had run; therefore, the action was barred.

Affirmed.