MALAER et al,
*Appellants,*

*v.*

The FLYING LION, INC. et al,
*Respondents.*

(42-726; CA A24612)

670 P2d 214

Rick T. Haselton, Portland, argued the cause for appellants. With him on the briefs were Carl R. Neil, Thomas K. O'Shaughnessy, and Lindsay, Hart, Neil & Weigler, Portland.

Jonathan M. Hoffman, Portland, argued the cause for respondents. With him on the brief were Joan L. Volpert, and Martin, Bischoff, Templeton, Biggs & Ericsson, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

**YOUNG, J.**

This is an action for damages allegedly caused by aerial spraying of a pesticide. Plaintiffs appeal a summary judgment for defendants. The issues on appeal concern the notice provisions in ORS 634.172. Defendants have the burden of showing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. ORCP 47C. We review the record in the light most favorable to plaintiffs. *Uihlein v. Albertson's, Inc.*, 282 Or 631, 634, 580 P2d 1014 (1978). We reverse.

The facts are taken from the pleadings and affidavits. Plaintiffs' farm includes 14 acres of productive filbert trees. Defendants sprayed a pesticide on an adjoining wheat field and in the process contaminated about one-half of plaintiffs' filbert orchard and some fruit trees and shrubs. Plaintiffs sought damages for loss of profits due to reduced filbert production and the damage to the trees and shrubs.

Within one week after the spraying, plaintiffs contacted Mr. Baron, an employe of the Oregon State University extension service, for an independent assessment of the damage. Baron assessed the damage and furnished plaintiffs a report. Within three weeks after the spraying, plaintiffs informed defendants of their claim. Thereafter, a group of defendants' personnel, including their insurance adjuster Mr. Collins, inspected plaintiffs' property. Collins made various statements at various times to plaintiffs that he would "take care of the claim," that they had a "legitimate claim" and that "you don't need to worry about it." Before the filberts were harvested, plaintiffs asked for and received written confirmation from Collins that their claim was being processed. Collins did not tell plaintiffs that they had to do anything about notifying the state. Plaintiffs were not aware that a timely report of loss due to pesticides must be made to preserve their cause of action against a pesticide operator. It is undisputed that plaintiffs did not file a report of the loss with the Department of Agriculture or mail or deliver to defendants a copy of any such report. ORS 634.172(1).

Plaintiffs contend that (1) they substantially complied with the notice provision of ORS 634.172(1); (2) defendants are estopped from asserting non-compliance with the notice provisons; and (3) the notice provisions violate the

Equal Protection Clauses of the Oregon and Federal Constitutions.[1] We first turn to the question of substantial compliance.

■     ORS 634.172(1) provides:

"No action against a pesticide operator, arising out of the use or application of any pesticide, shall be commenced unless the claimant has filed a report of the loss with the [State Department of Agriculture], and mailed or personally delivered a true copy of such report of loss to the pesticide operator allegedly responsible and a true copy of such report to the person for whom such work was done, if other than himself, within 60 days from the occurrence of such loss or within 60 days from the date when the claimant discovered that such loss had occurred. If the damage is alleged to have been caused to growing crops, the report shall be filed prior to the time when 50 percent of the crop is harvested."

Plaintiffs argue that securing an inspection and assessment of the damage by an independent state-employed extension agent and their notice to defendants of their claim satisfies the policy underlying ORS 634.172. The apparent purpose of the statute is to permit the adverse party to inspect a report of loss timely and to enable a public official to inspect and determine the alleged damage, thereby permitting mediation of the claim. *Bella v. Aurora Air, Inc.,* 279 Or 13, 566 P2d 489 (1979); ORS 634.172(3)(a) and (b).

Plaintiffs rely on *Loe v. Lenhardt,* 227 Or 242, 255, 362 P2d 312 (1961), which considered the plaintiff's compliance with the notice provisions of ORS 573.145,[2] a predecessor of ORS 634.171, and held that the notice provision should be liberally construed. *See also Cross et ux v. Harris,* 230 Or 398, 401, 370 P2d 703 (1962). In *Loe,* the plaintiff filed a report of loss with the Department of Agriculture within the statutory time limit on a form provided by the agency. The form lacked a provision for a then required verification, and the report was not otherwise verified. The plaintiff failed to notify the defendants, although they received actual notice of

---

[1] We find no merit in the contention that the notice provisions of ORS 634.172 impose unconstitutional distinctions between pesticide claimants and pesticide tortfeasors in violation of Article I, section 20, of the Oregon Constitution and the Fourteenth Amendment to the Federal Constitution.

[2] ORS 573.145 was repealed by Or Laws 1973, ch 341, § 37, and replaced by Or Laws 1973, ch 341, § 23.

the loss from the Department. The court held that the plaintiffs had substantially complied with the notice provisions of the statute.

■     In the present case, plaintiffs made no "report of the loss" to the statutorily designated agency or the defendants. While the adequacy of plaintiffs' notice to defendants of their claim is a close question, the failure to report the loss to the Department of Agriculture is fatal. The evidence is that the extension agent is an employe of Oregon State University, not the Department of Agriculture. We hold that plaintiffs did not substantially comply with the notice provisions of ORS 634.172(1). *See Brown v. Portland School Dist. # 1,* 291 Or 77, 82, 628 P2d 1183 (1981).

■     The last assignment raises whether defendants are estopped from challenging the adequacy of the notice. In *Lyden v. Goldberg,* 260 Or 301, 304-305, 490 P2d 181 (1971), the court considered an estoppel claim and quoted with approval *Kimball v. Horticultural Fire Relief,* 79 Or 133, 142-43, 154 P 578 (1916):

> "An estoppel always implies a party has been misled to his prejudice, or into an altered position which he would not have taken except for representations relied upon; and, as the estoppel may arise without an intent to guide astray * * *."

The court in *Lyden* observed:

> "[To] invoke the doctrine of estoppel, the defendant or her agent, the insurance company, must have done something that amounts to an affirmative inducement that would cause plaintiff to delay bringing his action." 260 Or at 304.

We believe the same principle applies with respect to the notice requirements of ORS 634.172.

■■     The essence of plaintiffs' argument centers around the affirmative representations by the insurance adjuster concerning their claim and the silence of the adjuster with respect to the notice requirements of ORS 634.172(1).[3] The

---

[3] Plaintiffs argue that, because the insurance adjuster is a licensed "pesticide consultant," ORS 634.132, he is charged with knowledge of the notice provision of ORS 634.172. ORS 634.132(2) provides in part:

pivotal issue is whether the adjuster "by his silence or representation has created a belief of the existence of a state of facts which it would be unconscionable to deny." *Hess v. Seeger,* 55 Or App 746, 762, 641 P2d 23 (1982), *quoting* 5 Thompson on Real Property (1979 Replacement) § 2524, 541. Defendants argue that the representations are merely promises to process the claim and not promises to settle or pay the claim. However, the assurances by the adjuster that he would "take care of the claim" and "you don't need to worry about it" can be interpreted to mean a promise to settle the claim and pay the damage. *See Charette v. Eisenbraun,* 274 Or 491, 494, 547 P2d 612 (1976); *see also* Annot., 39 ALR3d 127 and 44 ALR3d 482, dealing with estoppel and the statute of limitations. We believe that the representations present a genuine issue of material fact for a jury to decide.[4]

Reversed and remanded.

---

"An applicant for a pesticide consultant's license shall * * * [have] an adequate knowledge of:

"* * * * *

"(d) The applicable laws and rules relating to pesticides and their application in this state.

"(e) Other requirements or procedures which will be of benefit to and protect the pesticide applicators, the persons who use his services and the property of others."

Similar provisions apply to pesticide applicators. ORS 634.122(2)(d), (e). The parties stipulated that the extension agent retained by plaintiffs was also a licensed pesticide consultant. Defendants' claim that this "weakens" plaintiffs claim of reliance is a matter requiring jury resolution.

[4] Plaintiffs also contend that defendants' alleged violation of OAR 836-80-235(5) supports a claim of estoppel, because the rule defines "a standard of reasonable conduct." OAR 836-80-235(5), promulgated pursuant to ORS 746.230 (unfair claim settlement practices), states:

"(5) If an insurer continues negotiations for settlement of a claim directly with a claimant who is neither an attorney nor represented by an attorney until the claimant's rights may be affected by a statute of limitations or policy time limit, the insurer shall give the claimant written notice that the time limit may be expiring and may affect the claimant's rights. The notice shall be given to first party claimants not less than 30 days before, and to third party claimants not less than 60 days before, the date on which the insurer believes the time limit may expire."

Defendants argue that the rule is limited to statutes of limitations and policy time limits and not to the notice or report of loss provisions of ORS 634.172. We agree. The language of the rule is clear. It does not regulate the notice provisions of the statute and it is not applicable to the facts of this case.