**FACTORY MUTUAL INSURANCE COMPANY, as successor in interest to Allendale Mutual Insurance Company, a foreign corporation, Plaintiff – Appellee,**

v.

**NORTHWEST ALUMINUM COMPANY, an Oregon corporation, Defendant–Appellant.**

No. 03–35147.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 6, 2004.

Decided May 13, 2004.

Lisa E. Lear, Esq., Bullivant Houser Bailey, PC, Portland, OR, for Plaintiff–Appellee.

Leonard J. Feldman, Esq., Rima J. Alaily, Heller Ehrman White & McAuliffe, LLP, Seattle, WA, David B. Goodwin, Esq., Warrington S. Parker, III, Heller Ehrman White & McAuliffe, LLP, San Francisco, CA, Donald A. Greig, Esq., Landerholm Memovich Lansverk & White-sides, Vancouver, WA, for Defendant–Appellant.

Before: REINHARDT, SILVERMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Northwest Aluminum Company appeals the district court's grant of summary judgment in favor of Factory Mutual Insurance Company in Factory Mutual's declaratory judgment action. We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the district court's grant of summary judgment de novo. *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003). We reverse and remand.

Northwest Aluminum argues that it came forward with sufficient facts to preclude summary judgment on its equitable estoppel affirmative defense. We agree. An insurer in Oregon may be estopped from asserting a suit limitation provision as a defense to liability if the insurance company has "done something that amounted to an affirmative inducement that would cause plaintiff to delay bringing his action." *Lyden v. Goldberg*, 260 Or. 301, 490 P.2d 181, 182 (1971). Although mere negotiations are insufficient to establish estoppel, the Oregon courts have held that promises to make payments and/or to settle claims may establish estoppel. *Id.* at 183; *Kimball v. Horticultural Fire Relief of Oregon*, 79 Or. 133, 154 P. 578, 581 (1916); *Malaer v. Flying Lion, Inc.*, 65 Or.App. 154, 670 P.2d 214, 217 (1983).

Northwest Aluminum came forward with evidence that on February 28, 2001, prior to the expiration of the deadline, the parties met to discuss the claim. At that time, Factory Mutual provided an expert analysis of the claim and solicited a response from Northwest Aluminum. On the day the deadline expired, Factory Mutual confirmed in writing the discussion of February 28 – namely that Factory Mutual expected to receive additional documentation of the loss and looked forward to

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

resolving the claim. This is evidence from which a trier of act could infer that Factory Mutual induced the insured to delay in bringing an action within the limitations period. This inference is corroborated by the following: Factory Mutual subsequently informed Northwest Aluminum's broker (with whom previous extensions had been arranged) that it had reserved and expected to pay Northwest Aluminum $840,000. On September 21, 2001, Factory Mutual wrote to Northwest Aluminum, giving a 30–day deadline for submission of additional information, failing which the claim would be deemed abandoned. Viewing these facts in the light most favorable to Northwest Aluminum, we hold that Northwest Aluminum came forward with sufficient evidence from which a jury could decide that Factory Mutual was estopped from asserting the limitation period. *Kimball,* 154 P. at 581; *Malaer,* 670 P.2d at 217.[1]

REVERSED AND REMANDED.

---

1. Factory Mutual's Motion to Certify an Oregon State Law Question to the Oregon Supreme Court is DENIED.

