This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**BRANDON CHASE CASTLEMAN,**

Petitioner-Appellee,

v.  **NO. 31,271**

**CRYSTAL LYNN DAVIS,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**William G. Shoobridge, District Judge**

Tommy D. Parker
Hobbs, NM

for Appellee

Crystal Lynn Davis
Portales, NM

Pro Se Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

Appellant Crystal Lynn Davis appeals the district court's decree of paternity, order of custody of minor children, order of supervised visitation for non-custodial

parent, and award of child support and other supplemental relief. On June 22, 2011, this Court filed a notice of proposed summary disposition proposing to affirm the district court. On August 10, 2011, Appellant filed a memorandum in opposition to proposed summary affirmance, which we have given due consideration. We affirm the district court.

**Denial of Continuance**

Appellant's memorandum clarifies the circumstances of the district court's grant of a continuance as to the originally scheduled date for the final hearing on the merits. The district court first scheduled the hearing for February 22, 2011. [RP 13] Four days earlier, on February 18, Appellant had retained an attorney who immediately moved for a continuance to allow preparation time for the hearing. [RP 16] On February 21, Judge Mark Sanchez, who had originally been assigned to the case, recused himself. [RP 19] Judge William Shoobridge was assigned the case on February 24. [RP 20] The final hearing on the merits was rescheduled for March 15. [RP 22] On March 14, the day before the hearing, Appellant faxed a letter to the court asking for a continuance to a date after March 17, when she would know the outcome of a probation hearing scheduled for that date. [RP 25] The letter asserts that she was prohibited from leaving Roosevelt or Curry Counties and could not attend the hearing in Lea County. [Id.] There is no indication in this letter that Appellant sent a copy of

it to Appellee or his attorney, requested permission to travel to Lea County for the hearing, or requested permission to appear telephonically. She now informs us that a bench warrant for her arrest had been issued on March 8. [MIO 2]

Appellant argues that the district court should have viewed, and this Court should now view, the March 14 faxed letter as her first request for a continuance, not her second, as the first continuance would have occurred anyway because of the judge's recusal. [MIO 2] As we stated in our notice of proposed summary disposition, "[g]ranting of a continuance . . . rests within the sound discretion of the trial court, and the denial of a continuance will be reversed only upon a showing of a clear abuse of discretion." *Bombach v. Battershell*, 105 N.M. 625, 626, 735 P.2d 1131, 1132 (1987).

Regarding Appellant's current argument that the March 14 letter should be considered her first request for a continuance, we observe that even though the continuance of the hearing scheduled for February 22 was based on the recusal and not in response to Appellant's motion, Appellant obtained the same benefit as if her motion had been granted. On March 14, the judge considering Appellant's request to continue the hearing scheduled for the following day had information before him relevant to the question of whether he should grant the continuance. First, because Appellant's request came in only the day before and because it does not appear that

Appellant sent a copy of the request to Appellee, Appellee would most likely appear as scheduled at some inconvenience to him if the hearing did not go forward. [RP 25] Second, Appellant does not specify any reason she could not have moved for the continuance earlier. [Id.] Third, except for her purported inability to travel to Lea County for reasons related to her criminal case, she could have appeared on March 15 and explained to the court the reasons why it would be more efficient to move the hearing to a date after her March 17 court date. Fourth, based on the information in Appellant's letter asserting that she was "out on bond which prohibits [her] from leaving Roosevelt or Curry County," the district court was left to wonder whether she had requested permission to travel for this hearing and been denied permission. [Id.] Fifth, there is no indication that Appellant requested permission to appear telephonically. Sixth, given the availability of relief from default under Rules 1-055(C) and 1-060(B), the district court might have concluded that it was best to proceed on March 15 and let Appellant pursue relief later under those rules if she chose. We observe that Appellant did not seek to have the continuance set aside in district court pursuant to Rules 1-055(C) or 1-060(B).

We conclude that the district court did not abuse its discretion in denying a continuance under these circumstances.

4

**Venue and Child Support Calculation Issues**

Appellant's memorandum in opposition does not address the issues of whether venue was proper in Lea County or whether child support was calculated correctly. Accordingly, we affirm the district court on these issues for the reasons stated in our notice of proposed summary disposition.

**CONCLUSION**

For the reasons stated above, we affirm the district court.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**