Argued and submitted February 3, affirmed March 21, 1984

# WITHERS,
*Appellant,*

*v.*

# MILBANK,
*Respondent.*

(A8212-07593; CA A29162)

678 P2d 770

John E. Magee, Portland, argued the cause for appellant. With him on the brief was Marvin S. Nepom, Portland.

Vicki Hopman Yates, Portland, argued the cause for respondent. With her on the brief was Landis, Aebi & Bailey, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Plaintiff appeals the dismissal with prejudice of his legal malpractice action against defendant. We affirm.

In early 1972, while acting as plaintiff's attorney, defendant prepared an antenuptial agreement. The agreement was signed by plaintiff and his intended wife on April 29, 1972. The couple was married the following day. In September, 1979, plaintiff's wife initiated dissolution proceedings. A decree was entered in August, 1982, providing for certain payments to be made by plaintiff to his former wife and for a division of the parties' property.

Contrary to what plaintiff alleges was its intended purpose, the antenuptial agreement was drafted so that it only covered what would happen to the parties' assets in the event of death. It did not provide for the contingency of divorce. Because of that omission, plaintiff filed a legal malpractice action in December, 1982, alleging that defendant's negligent drafting of the antenuptial agreement had caused him damage in the amount of $290,000. Defendant moved to dismiss the complaint on the grounds that the action was barred by the statute of ultimate repose, ORS 12.115(1) or, in the alternative, that the action was barred by the statute of limitations. ORS 12.110(1). The trial judge granted the motion, dismissing plaintiff's complaint with prejudice. Plaintiff claims that the dismissal with prejudice was error.

We are unable to determine whether the trial judge's dismissal was based on ORS 12.110(1)[1] or 12.115(1), but we find that it was required by the latter. ORS 12.115(1) provides:

"In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of."

This statute was enacted in response to the "discovery rule" articulated in *Berry v. Branner,* 245 Or 307, 421 P2d 996 (1966). *See Josephs v. Burns & Bear,* 260 Or 493, 491 P2d 203 (1971). In drafting ORS 12.115(1), the legislature considered

---

[1] ORS 12.110(1) is the basic statute of limitations for negligence actions. It provides that an action "* * * for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years * * *."

the problem of long-delayed tort litigation brought about by delayed discovery and endeavored to prescribe an ultimate cutoff date beyond which a specific act or omission is no longer actionable. *Josephs v. Burns & Bear, supra.* The cutoff was intended to occur "regardless of when the damage resulted or when the act or omission was discovered." 260 Or at 500.

ORS 12.115(1) has been held to apply to a wide range of tort actions. *See, e.g., Johnson v. Star Machinery Co.,* 270 Or 694, 530 P2d 53 (1974). However, until now, no case has addressed whether it is applicable to suits based on alleged legal malpractice. There is no reason to treat legal malpractice actions differently than other types of negligence.

Affirmed.[2]

---

[2] Plaintiff argues that the Supreme Court in *Josephs v. Burns & Bear,* 260 Or 493, 501-02, 491 P2d 203 (1971), left open the question whether ORS 12.115(1) applies to "a situation in which an active and continuous relationship between plaintiff and defendant exists from the time of the negligent acts to the time within the period during which an action is permitted." He argues that an attorney-client relationship is of that type. Plaintiff did not allege the existence of such a relationship in his pleadings. Because we are limited to the pleadings when reviewing a motion to dismiss, we do not reach that issue here.