Jill C. BEALS,
David L. Brinduse, Tamra L. Brinduse,
Granville Brittsan, Sherry Brittsan,
Nancy Bunch, A. Don Crawley, Connie L. Crawley,
John E. Del Nero, Lynda C. Del Nero,
Frederick A. Dockey, Teresa F. Dockey,
Joan E. Hixson, Robert F. Hixson,
Kathleen Kastern, April E. Luke, D. Michael Luke,
Bonnie J. Mills, James J. Mills, Janice N. Provost,
Roger J. Provost, Judy A. Reece, Larry E. Reece,
J. David Rhoads, Marilyn A. Rhoads,
Penny J. Schultz, Philip G. Schultz,
Linda L. Sharber and Robert Sharber,
*Appellants,*

*v.*

BREEDEN BROS., INC.,
Breeden Bros. Realty Co.,
and the City of Eugene,
*Respondents.*

(16-89-05258; CA A67695 (Control), A69865)

833 P2d 348

Michael L. Williams, Portland, argued the cause for appellants. With him on the briefs was Williams & Troutwine, P.C., Portland.

Douglas G. Schaller, Eugene, argued the cause for respondents Breeden Bros., Inc. and Breeden Bros. Realty Co. With him on the brief were Don Edward Corson, Eugene, and Johnson, Clifton, Larson & Bolin, P.C., Eugene.

John B. Arnold, Eugene, argued the cause for respondent The City of Eugene. With him on the brief was Harrang, Long, Watkinson & Arnold, Eugene.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

Plaintiffs appeal two judgments that are consolidated in this appeal.[1] The trial court ruled that plaintiffs' complaints failed to state claims for relief and that the actions had not been commenced timely. ORCP 21A(8); ORCP 21A(9). We affirm.

In June, 1989, plaintiffs filed this action, alleging claims for negligence, breach of contract, fraud and violation of the Oregon Unlawful Trade Practices Act (UTPA), ORS 646.605 to ORS 646.656, relating to structural damage to their homes allegedly caused by deposits of expansive clay located beneath the surface of the land. Plaintiffs are current or past homeowners in a Eugene residential development. Breeden Bros., Inc. (Breeden Bros.) is the developer of the property, and defendant Breeden Bros. Realty Company, Inc. (Breeden Realty) sells homes and homesites in the development. Except for Rhoads and Sharber, plaintiffs' homes were built between 1972 and 1977 by Breeden Bros. Rhoads and Sharber's homes were built in 1986.

The gravamen of plaintiffs' negligence claim is that Breeden Bros. was negligent in building their homes without proper engineering surveys, excavation and building techniques that would have prevented the structural damage. Their fraud claims allege that defendants Breeden made certain misrepresentations to several of the plaintiffs in response to their complaints about the structural damage. The breach of contract claim is based on a 1974 contract between the City of Eugene (City) and Breeden Bros. in which the latter agreed that the homes it built on the development would comply with City's building code. Last, plaintiffs allege that defendants Breeden violated the provisions of the UTPA that prohibit the misrepresentation of the quality or standard of real estate and the failure to disclose material defects or nonconformities. The court granted defendants' motions to dismiss all of the claims, either in whole or in part.

---

[1] The judgments arise from the court's dismissal of most of the allegations in plaintiffs' second and fourth amended complaints. An ORCP 67B judgment was entered. Thereafter, Brinduse, Rhoads and Sharber filed, and the court dismissed most of their fourth amended complaint. Another ORCP 67B judgment was entered. Plaintiffs' other claims were either dismissed with prejudice or severed for arbitration and are not the subject of the appeal.

■ Plaintiffs make nine interrelated assignments of error. Not all of them are preserved, and not all of them merit discussion. In reviewing defendants' ORCP 21 motions, we assume the truth of all well-pleaded allegations, as well as any facts that might conceivably be adduced as proof of them. *Brennen v. City of Eugene,* 285 Or 401, 405, 591 P2d 719 (1979).

A threshold issue regarding plaintiffs' fraud, negligence and contract claims is whether they are barred by ORS 12.115(1) or ORS 12.135(1). ORS 12.115 provides:

"(1) In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of.

"(2) Nothing in this section shall be construed to extend any period of limitation otherwise established by law, including but not limited to the limitations established by ORS 12.110."

ORS 12.135(1) provides:

"An action against a person, whether in contract, tort or otherwise, arising from such person having performed the construction, alteration or repair of any improvement to real property or the supervision or inspection thereof, or from such person having furnished the design, planning, surveying, architectural or engineering services for such improvement, shall be commenced within the applicable period of limitation otherwise established by law; but in any event such action shall be commenced within 10 years from substantial completion or abandonment of such construction, alteration or repair of the improvement to real property."

Plaintiffs assert that defendants Breeden are equitably estopped from asserting those statutes, because they misrepresented the cause of the structural damage.[2] Defendants argue that equitable estoppel is not applicable to assertions of statutes of repose. Although the courts of this state have recognized that a party may be estopped from asserting a Statute of Limitations as a defense, *see, e.g., Charette v. Eisenbraun,* 274 Or 491, 547 P2d 612 (1976); *Donahoe v.*

_____

[2] Plaintiffs also assert that City is estopped to assert ORS 12.115(1) and ORS 12.135(1). However, at oral argument, they conceded that they had failed to plead a basis for their estoppel argument adequately against City. Accordingly, we will not consider those arguments.

*Mid-Valley Glass Co.*, 84 Or App 584, 735 P2d 11, *rev den* 303 Or 534 (1987), they have not yet decided whether equitable estoppel may apply to statutes of repose.

ORS 12.115(1) provides that *in no event* shall an action for negligent injury to person or property be commenced more than 10 years from the date of the alleged act or omission.

> "In drafting ORS 12.115(1), the legislature considered the problem of long-delayed tort litigation brought about by delayed discovery and endeavored to prescribe *an ultimate cutoff date* beyond which a specific act or omission is not longer actionable. *Joseph v. Burns*, [260 Or 493, 491 P2d 203 (1971)]. The cutoff was intended to occur 'regardless of when the damage resulted or when the act or omission was discovered.' 260 Or at 500." *Withers v. Milbank*, 67 Or App 475, 477, 678 P2d 770 (1984). (Emphasis supplied.)

Similarly, ORS 12.135(1) provides that, *in any event*, an action against a person arising from such person's having performed the construction, alteration or repair of any improvement to real property *must be* commenced within 10 years after the substantial completion or abandonment of the construction, alteration or repair of the improvement to the property.

Generally, two rationales underlie statutes of repose:

> "The first concerns the lack of reliability and availability of evidence after a lapse of long periods of time. This rationale primarily protects defendants who, without prior notice of pending claims, would necessarily find it extremely difficult, if not impossible, to mount a defense because of the non-preservation of evidence and the disappearance or death of witnesses after a long lapse of time. However, the reliability of [a] plaintiff's evidence relating to long-past occurrences, transactions or conditions is also a relevant feature.

> "The second rationale concerns the public policy of allowing people, after the lapse of a reasonable time, to plan their affairs with a degree of certainty, free from the disruptive burden of protracted and unknown liability; *e.g., Pearson v. Northwest Airlines, Inc.*, 309 F2d 553, 559 (2d Cir 1962) (*dictum*), *cert. denied* 372 US 912, 83 S Ct 726, 9 L Ed 2d 720 (1963)." *Johnson v. Star Machinery Co.*, 270 Or 694, 700, 530 P2d 53 (1974).

■    We hold that equitable estoppel is not available to avoid ORS 12.115(1) and ORS 12.135(1), because to hold otherwise would thwart the legislature's intent to provide an absolute cutoff date for the bringing of such actions. The trial court did not err in rejecting plaintiffs' arguments.

Next, plaintiffs assert that the trial court erred in granting defendants' motions to dismiss some of the negligence allegations, including the claims of Rhoads and Sharber, on the ground that they are barred by ORS 12.110(1) and ORS 30.275(8). They argue that the two-year limitation periods under those statutes began to run only after discovery of the negligence and that they have alleged sufficient facts to show that they reasonably did not discover the negligence until 1988. Plaintiffs also assert that the trial court erred in dismissing their UTPA claim.

■ ■    To avoid the bar of a limitation, plaintiffs "must plead *facts* sufficient to show that the delay is excused." *Eldridge v. Eastmoreland General Hospital*, 88 Or App 547, 550, 746 P2d 735 (1987), *aff'd* 307 Or 500, 769 P2d 775 (1989). (Emphasis supplied.) Also, to assert a statutory cause of action, they must allege *facts* that bring the case within the statute. *See State Forester v. Obrist*, 237 Or 63, 67, 390 P2d 333 (1964). Legal conclusions or mere recitations of statutory language are not facts. *See Smith v. Abel*, 211 Or 571, 577, 316 P2d 793 (1957). Because neither the negligence nor the UTPA claim is supported by the requisite allegations of fact, the trial court did not err in dismissing those claims.[3]

Finally, plaintiffs assert that the trial court erred in granting City's motion to dismiss the breach of contract claim for failure to state facts sufficient to constitute a claim. ORCP 21A(8). The contract, which was between Breeden Bros. and City, and which was incorporated by reference into the complaint, provides, in part:

> "CITY is willing to grant approval of said [development] work on condition that the [Breeden Bros.] undertake certain improvements and provide assurance of maintenance thereof, and satisfy certain requirements.

---

[3] The court's dismissal was also predicated on ORS 12.135(1) and ORS 646.638(5), the one-year UTPA limitation. In the light of our disposition, we need not address those arguments.

"NOW, THEREFORE, FOR AND IN CONSIDERA-TION OF mutual covenants and agreements herein contained as a conditional agreement precedent to the granting of approval of these phases of a [development] up to 190 dwelling units in an RA-PD zoning district by the CITY, the [Breeden Bros.] hereby agrees as follows:

"* * * * *

"c.   *Scope of Work*: * * *

"Chapter 70, 'Excavation and Grading of the 1973 edition of the *Uniform Building Code* shall apply to all earthwork and grading.

"3.   It is understood and mutually agreed by the parties hereto that failure or refusal of [Breeden Bros.] to:

"(1)   Conform [its] completed work upon the development to the terms of this Agreement or applicable city law * * *

"* * * * *

"may result in the refusal by CITY to grant further building permits for the development." (Emphasis in original.)

■   Plaintiffs argue that they were intended to be third party beneficiaries under the contract and that, under the contract, City was obligated to enforce the provisions of the building code. However, the contract does not require City to take enforcement measures in the event that Breeden Bros. violates the building code. Therefore, the claim does not allege breach of contract. The court did not err in dismissing plaintiffs' breach of contract claim against City.

Affirmed.