Argued and submitted July 24, 1995, affirmed May 1, petition for review denied August 13, 1996 (324 Or 78)

Richard Anthony DAVIS,
individually and as Personal Representative
of the Estate of Phillip Charles Davis,
*Appellant,*

*v.*

Ronald M. SOMERS,
*Respondent.*

Phyllis Maxine STEELE,
*Appellant,*

*v.*

Ronald M. SOMERS,
*Respondent.*

(CC92-2, CC92-13; CA A85486)

915 P2d 1047

Wade P. Bettis argued the cause for appellant Richard Anthony Davis. Ronald W. Parks argued the cause for appellant Phyllis Maxine Steele. With them on the briefs was Ferris F. Boothe.

Patrick Rothwell argued the cause for respondent. With him on the brief was Hallmark, Keating & Abbott, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs appeal a judgment in favor of defendant on claims for legal malpractice and breach of contract. The trial court held that the claims are time-barred. We agree and affirm.

The relevant facts are undisputed. Defendant is an attorney. In 1978, Clifford and Laura Mason hired defendant to prepare their wills. Mrs. Mason told defendant that she wanted plaintiffs to be residuary beneficiaries. Defendant drafted the wills in accordance with the Masons' instructions, but his secretary inadvertently failed to include the residuary clause when she typed the documents. Defendant did not review the typed wills before they were given to the Masons for execution, nor was he present at the execution. The Masons apparently did not carefully read the documents and, believing that they had been prepared properly, signed them.

Defendant had no contact with either of the Masons until 1989, when Mr. Mason died. Mrs. Mason, along with a friend, came to defendant's office to review her affairs. At that point, defendant looked over the wills and discovered for the first time that the residuary clause had been omitted. Defendant attempted to explain the mistake to Mrs. Mason and recommended that she change her will to correct the mistake. Mrs. Mason, however, appeared unable to understand the nature of the problem and declined to have her will changed.

In February 1990, Mrs. Mason died. Her will was probated, and, lacking any residuary clause, the residue of her estate passed to her intestate heirs. Some time later, plaintiffs learned that Mrs. Mason originally had intended to have them receive the residue of her estate. Within two years of Mrs. Mason's death, plaintiffs initiated this action for negligence and breach of contract. In his answer, defendant raised the defense that the action is time-barred.

The case was tried to the court, which found for defendant. The court found that the basis of plaintiffs' two claims is defendant's failure to include the residuary clause in the will in 1978, and that the claims were not predicated

on any later act or omission. The court specifically found that "[i]t is not standard practice in the legal community" for attorneys to review periodically wills that already have been executed by their clients. The court then concluded that, because defendant's failure to include the residuary clause as requested occurred more than ten years before the filing of plaintiffs' action, the claims are time-barred under ORS 12.115(1). Plaintiffs requested supplemental findings concerning their breach of contract claim. The court denied the request, holding that the breach of contract claim, "if one exists, is resolved by the statute of ultimate repose analysis."

On appeal, plaintiffs make two assignments of error. First, they contend that the trial court erred in concluding that their negligence claim is subject to the statute of ultimate repose. Second, they argue that the trial court erred in concluding that their breach of contract claim was time-barred as well. Plaintiffs do not challenge any of the court's factual findings, only its legal conclusion as to the applicability of the statute of ultimate repose. We review that ruling for errors of law. *Community Bank v. U.S. Bank*, 276 Or 471, 478, 555 P2d 435 (1976).

We begin with plaintiffs' contention that their negligence claims are not governed by the statute of ultimate repose, ORS 12.115(1). That statute provides:

"In no event shall any action for negligent injury to person or property of another be commenced more than 10 years from the date of the act or omission complained of."

Plaintiffs argue that the statute does not apply, because they were not injured until Mrs. Mason died and the terms of the will became operative. According to plaintiffs, until that point, they were only potential beneficiaries, and their claim against defendant did not accrue until then.

■ Plaintiffs' argument assumes that the statute of ultimate repose must be triggered by the accrual of a cause of action, when the statute clearly says otherwise. The ten-year period of ultimate repose is triggered not by the accrual of a cause of action, but by "the date of the act or omission complained of." Our opinion in *Withers v. Milbank*, 67 Or App 475, 678 P2d 770 (1984), is directly on point. In that case, the

defendant attorney prepared the plaintiffs' antenuptial agreement in early 1972. The attorney was supposed to have prepared the agreement to cover both death and divorce, but he drafted it to cover only death. The parties divorced in late 1982, and, upon discovering that the antenuptial agreement had been incorrectly prepared, the husband sued the attorney. The trial court dismissed the action under ORS 12.115(1), and we affirmed:

> "This statute was enacted in response to the 'discovery rule' * * *. In drafting ORS 12.115(1), the legislature considered the problem of long-delayed tort litigation brought about by delayed discovery and endeavored to prescribe an ultimate cutoff date beyond which a specific act or omission is no longer actionable. * * * The cutoff was intended to occur 'regardless of when the damage resulted or when the act or omission was discovered.' "

*Id.* at 477-78.

Plaintiffs attempt to distinguish *Withers* on the ground that it involved an antenuptial agreement, which they contend is different from a will. Plaintiffs argue that because wills, unlike antenuptial agreements, do not take effect until the death of the testator, an intended beneficiary's cause of action does not accrue until that time. Plaintiffs, however, persist in misreading *Withers*. The decision held that discovery and accrual of a cause of action are simply not relevant considerations under ORS 12.115(1). The statute imposes an absolute period of ultimate repose, consisting of ten years "from the date of the act or omission complained of."

■   Plaintiffs next argue that ORS 12.115(1) does not apply because theirs is not an action for "injury to person or property," but rather, theirs is an action for injury to their "rights" under the intended disposition of Mrs. Mason's estate. Their "rights," however, relate to the ownership and disposition of property. The argument has no merit.

■   Finally, plaintiffs argue that ORS 12.115 does not apply because "the act or omission complained of" did not occur more than ten years ago. They argue that, because defendant had a "continuing duty" to ensure that the will accurately reflected Mrs. Mason's intentions, the triggering

act or omission occurred upon her death. Plaintiffs cite no authority for the proposition that an attorney has an obligation periodically to review wills that already have been approved by the attorney's clients to ensure that they in fact conform to the client's wishes, and we are aware of none. The trial court, considering the point, found as a matter of fact that it is not standard practice for lawyers to do so, unless clients specifically request a review of their wills. Plaintiffs do not take issue with that finding. We conclude that the trial court did not err in concluding that plaintiffs' claim for legal malpractice is barred by ORS 12.115(1).

We turn to plaintiffs' contention that the trial court erred in concluding that their breach of contract claim is similarly barred. Plaintiffs contend that, under *Hale v. Groce*, 304 Or 281, 744 P2d 1289 (1987), a lawyer's failure to prepare a will in accordance with instructions may give rise to claims both for negligence and for breach of contract. That is so in this case, plaintiffs argue, as they have specifically pleaded that defendant's actions constituted a breach of his contract with Mrs. Mason to include plaintiffs as residuary beneficiaries in her will. We are not persuaded by plaintiffs' arguments.

In *Hale*, the Supreme Court did say that, "[i]n principle," a putative beneficiary may sue for breach of contract arising out of a failure of a lawyer to include the beneficiary in a will. *Id.* at 286. The court, however, cautioned that, in practice, the availability of such a claim depends on the facts of each case, in particular the pleadings and proof regarding the nature of a lawyer's undertaking. If a lawyer made no promise beyond using his or her best professional efforts to comply with a client's instructions, the claim sounds in negligence, and an action for breach of contract will not lie. *Id.* at 286-87.

■ In this case, the pleadings and evidence relate only to defendant's alleged negligence. The complaint does allege that defendant breached a contract, but the allegations concerning the conduct that comprises the breach consist only of defendant's previously alleged negligence. The evidence at trial was no different, and on the basis of that evidence the trial court concluded that "[t]he basis of all of the plaintiffs'

claims is the professional negligence of the defendant." On appeal, plaintiffs offer no contrary evidence. They offer no evidence of a written contract. They offer no evidence of the terms of an oral contract, beyond a general obligation to employ the skill and care that defendant would be bound to bring to his task independent of such a contract. In short, the trial court did not err in concluding that plaintiffs' claims—including the one that plaintiffs labeled "breach of contract"—arose out of defendant's allegedly negligent preparation of Mrs. Mason's will. Accordingly, ORS 12.115(1) applies, barring those claims as untimely.

Affirmed.